## John Lindsey *vs.* Thomas Gordon & al.

L. agrees by bond to convey to G. a vessel on payment of three notes given for her, the first to be paid in one year; and at the same time G. receives possession of the vessel and gives to L a writing, promising to deliver to him a "load of hard wood within thirty days towards the payment of the first note," and to redeliver the vessel to L. on failure to deliver the wood or pay the notes as they fall due; and on failing to deliver the wood or pay the notes, as agreed, to furnish security to the value of the wood, or to the amount of the notes, " at the option of L." The wood was not delivered, and in forty days a small payment was made on the first note; and after that time and before one year the vessel was accidentally lost in the possession of the defendants.

*Held,* that the payment was to be considered as made on account of the wood; that the acceptance of this payment after the thirty days was an assent that G. might still retain the possession of the vessel; and, as the loss happened without any fault of G. that the redelivery was excused; and that the action could be maintained only for the difference between the payment and the value of the wood.

This was an action on the case, and came before the Court on an agreed statement of facts.

On the 25th of *Nov.* 1834, the defendants made and executed the following agreement. " Whereas we have this day received of *John Lindsey* of *Portland,* for the conveyance to us of the *Schooner Spartan* with her appurtenances, on the payment by us of the sum of 550 dollars, for which we have given our notes, and have agreed to deliver to him a load of hard wood at the market price in *Portland,* within thirty days from this day to be indorsed on the first note. And whereas we have this day received possession of said vessel to hold until failure of the payments of any one of the notes aforesaid, or to deliver the wood as aforesaid. Now we do hereby agree to keep said vessel in good order and to deliver her up to said *Lindsey* or his order on the failure by us to pay the notes aforesaid, or any one of them; and to forfeit whatever sum we may have paid thereon; and we further agree to deliver within thirty days a load of good wood to said *Lindsey,* at the market price in *Portland,* toward the payment of said first note, and to pay all of said notes, as they fall due; or to forfeit all right to said vessel. In case we should be prevented from accident or unavoidable circumstances from deliv-

Lindsey v. Gordon.

ering the wood aforesaid or any lumber at our option, we agree to furnish other security to the value of a load of wood or lumber or of the whole amount of the said sum of 550 dollars at the option of said *Lindsey*."

The notes referred to were three in number, and were dated on said 25th of *Nov.* and made payable in one, two, and three years. On that first payable there was an indorsement of $37,76, dated *Jan.* 6, 1834. Neither of the notes had become payable when this action was commenced. After said 6th day of *Jan.* the said *Schooner* was lost at sea in the possession of the defendants. They had not and never have performed or offerred to perform any of the agreements set forth in said instrument, if any such agreements there be, according to the terms thereof, further than it may appear by the papers referred to. If in the legal construction of said instrument taken as a whole, and in connexion with the facts herein set forth, the Court should be of opinion, that the plaintiff can support an action thereon against the defendants, then judgment is to be rendered for the plaintiff for such sum, as the Court shall adjudge due. If he cannot support such action, then judgment is to be rendered for the defendants. Costs to be awarded according to law.

*W. P. Fessenden*, for the plaintiff, said, that where there is an agreed statement of facts nothing is before the court, but what appears on the statement or on the papers referred to and making a part of it. This is a mere question of the true construction of the paper, to be ascertained from examining the whole of it, and finding the meaning of the parties to it. The plaintiff had agreed to sell his *Schooner* to the defendants, and had given them a bond, that he would convey it on payment of the consideration money ; and had delivered the vessel into their possession. As the notes were all given on time, the parties stipulated, that the plaintiff should have some portion of the consideration paid, and some security beyond merely retaining the ownership in his hands. For this purpose the writing was given ; and it provides.

1. That they will deliver to the plaintiff in *Portland*, within thirty days a load of hard wood at the market price. This must mean such load of wood, as this vessel would carry. The case finds, that this was not delivered, and the action is maintained to

the extent of the value of this load of wood for that neglect, unless in case of failure to do it within the thirty days, the defendants were immediately bound to deliver up the vessel, or give security for its value. Even in that case, they were bound to pay the value of the wood for the use of the vessel.

2. But in case of neglect to deliver the wood within thirty days, the defendants stipulated that they would immediately deliver up the vessel to the plaintiff. The vessel was then in their hands, and they ought to have delivered her up according to their express contract. As they failed to do so, they should be holden in this action to pay the value of the vessel.

3. The contract between these parties further provided, that in case the defendants should be prevented from accident or unavoidable circumstances from delivering the wood within the time fixed by them, that they would furnish other security not only to the value of the wood, but to the value of the vessel, if the plaintiff desired it. The case finds, that they have done nothing, and the action is supported on this ground also.

As to the indorsement on the note, it is to be considered only as a payment of so much towards it. If it was accepted by the plaintiff, as so much towards the wood, that should have appeared by the indorsement, or have been shewn in evidence.

*Daveis*, for the defendants, contended, that from the plaintiff's keeping the property of the *Schooner* in himself, and giving merely a bond for the conveyance of it, and taking the notes of the defendants for the amount of the purchase money, he relied for his security mainly on the vessel herself. He suffered her to go into the possession of the defendants, as a mere bailment to be redelivered on failure to pay the first note at the end of the year. Before the time elasped, the vessel was lost without any fault of defendants.

It has been contended, that the defendants are bound to pay the value of the vessel, or give good security to the amount, which is in substance the same thing. But this is not correct. The general rule is, that when a loss happens, the risk is with him in whom the title is, and in this case, that was in *Lindsey.* 2 *Kent's Com.* 498. Where there is one of several things to be done in the alternative, the obligor or contractor has the choice.

1 *Pothier, Evan's Ed.* 136, 137. And the discharge of one, discharges the whole. 2 *Evan's Pothier,* 52. And the loss of the vessel by the act of God, preventing the defendants from returning the vessel, excuses them from giving security. 5 *Viner's ab.* 210.

But on any construction of the contract, the defendants were not obligated to furnish the security, unless at the option of the plaintiff. It is necessary before an action can be maintained, that this option should be notified to the defendants, which has never been done.

As it respects the load of wood, the expression is too loose and uncertain to be the foundation of an action. How can it be ascertained, what the value of a " load of hard wood" is ? But the indorsement on the note on the sixth of *Jan.* following, long before it was payable, was for the wood, and fixes the price put on it by the parties. The action was continued for advisement, and the opinion of the Court afterwards delivered by

WESTON C. J. — There was a promise absolutely to deliver a load of wood, in thirty days. If the defendants failed to do so, they were to redeliver the vessel. They did neither at the end of that time ; although the vessel was then in existence, and in their power. They are therefore liable to pay the wood ; and have no excuse for their failure to do so. By accepting a partial payment after the thirty days, we consider the plaintiff to have waived his right to the immediate return of the vessel, and to have assented to the continuance of the contract and that the vessel should still continue in the possession of the defendants. It remained then at the plaintiff's risk ; and being lost without the fault of the defendants, redelivery by them is excused, and no action lies against them therefor.

Neither of the notes was due at the commencement of this action ; and if the defendants still remain liable upon them, they cannot be recovered in this suit. The wood was to be paid in thirty days, and indorsed on the first note. The partial payment made and indorsed, more than ten months before that note fell due, must be understood to have been paid and received on account of the wood. The value of the load of wood, to be paid by the

defendants, is to be ascertained. From that sum the amount indorsed on the first note is to be deducted, and the plaintiff is to have judgment for the difference, with interest from the time the wood should have been delivered.